## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

```
-------------------------------------------------------x
FEDERAL HOME LOAN BANK OF          :
CHICAGO,                           :
                                   :   NO. 10-cv-7560
                  Plaintiff,       :
                                   :
         v.                        :   (Cook County Circuit Court
                                   :   No. 10-CH-45033)
BANC OF AMERICA FUNDING            :
CORPORATION, ET AL.,               :
                                   :
                  Defendants.      :
                                   :
-------------------------------------------------------x
```

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1452(a), the undersigned defendants (collectively, the "Removing Defendants") hereby remove the above-captioned action ("Action") from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.[1] This Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a) and 1334(b), and 12 U.S.C. § 1432(a). As grounds for removal, the Removing Defendants state as follows:

1. This Court has original jurisdiction over this Action because complete diversity exists between the parties and the amount in controversy exceeds the value of $75,000 pursuant to 28 U.S.C. § 1332(a). Although diversity jurisdiction provides an independent and wholly sufficient ground for removal of this Action, it is not the only basis on which removal is

---

[1] The Removing Defendants do not waive and expressly preserve all rights, claims, and defenses, including without limitation all defenses relating to jurisdiction, venue, and arbitrability. The Removing Defendants do not waive any defenses that they may have to personal jurisdiction through filing of or consent to this Notice of Removal. See Silva v. City of Madison, 69 F.3d 1368, 1376 (7th Cir. 1995) (finding that filing a petition for removal to federal court does not waive a defendant's right to object to personal jurisdiction).

appropriate here.  This Court also has original jurisdiction over this Action pursuant to 12 U.S.C. § 1432(a) because plaintiff Federal Home Loan Bank of Chicago ("FHLB Chicago" or "plaintiff") is a federally chartered corporation authorized by Congress "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal."  Finally, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b) because the Action is "related to" pending Title 11 bankruptcy proceedings, and the Action is therefore removable pursuant to 28 U.S.C. § 1452(a).

## PROCEDURAL HISTORY AND BACKGROUND

2.      On or about October 15, 2010, plaintiff filed a complaint in the Circuit Court of Cook County, Illinois (the "State Court") entitled "Federal Home Loan Bank of Chicago v. Banc of America Funding Corporation, et al.," No. 10-CH-45033.[2]

3.      On or about October 28, 2010, the first-served of the Removing Defendants was served with the complaint.  In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon the Removing Defendants are attached hereto as Exhibit A.

4.      In the complaint, plaintiff alleges that it purchased 34 different mortgage-backed securities ("MBS") issued or underwritten in 29 separate offerings by 53 different named defendants.  The complaint also purports to name 50 unidentified "John Doe" defendants.  Plaintiff alleges that the offering documents relating to the MBS offerings at issue in this Action contained untrue or misleading statements concerning the loans underlying each separate MBS offering.

---

[2] Although the summonses and complaint served on the Removing Defendants list the case number as "10CH45003," the Circuit Court for Cook County, Illinois lists the case number as "10-CH-45033" on its official docket.

5.      Plaintiff purports to bring claims against the Removing Defendants under the Illinois Securities Law of 1953, 815 ILCS 5/1 et seq., and common law, based on alleged misstatements or omissions of material fact in connection with its purchase of the MBS at issue.

6.      The Removing Defendants' time to respond to the Summons and complaint by answer or motion to dismiss has not expired, and no defendant has served or filed an answer or motion in response to the complaint.

7.      Because the Removing Defendants filed this Notice of Removal within thirty days of service of the complaint, removal is timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

**I.      Jurisdiction Based on Diversity of Citizenship**

8.      This Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity of citizenship.  The Action satisfies the complete-diversity requirement of 28 U.S.C. § 1332(a)(1).

9.      No Removing Defendant is a citizen of Illinois.  None of the Removing Defendants is organized under the laws of the State of Illinois, and none of the Removing Defendants has its principal place of business in Illinois.

10.     Defendant Banc of America Funding Corporation is a Delaware corporation with its principal place of business in North Carolina, and therefore is a citizen of those states.

11.     Defendant Banc of America Securities LLC asserts as follows:  Effective November 1, 2010, Defendant Banc of America Securities LLC, a Delaware limited liability company, merged with and into Merrill Lynch, Pierce, Fenner & Smith Incorporated, a Delaware corporation with its principal place of business in New York, and therefore is a citizen of those

states.  Prior to the merger, the sole member of Banc of America Securities LLC was Merrill

Lynch & Co., Inc., a Delaware corporation with its principal place of business in North Carolina.

12.     Defendant Bank of America Corporation is a Delaware corporation with

its principal place of business in North Carolina, and therefore is a citizen of those states.

13.     Defendant Barclays Capital, Inc. is a Connecticut corporation with its

principal place of business in New York, and therefore is a citizen of those states.

14.     Defendant Securitized Asset Backed Receivables, LLC is a Delaware

limited liability company with its principal place of business in New York.  Its sole member is

Barclays Bank PLC, a public limited company registered in England and Wales.  Securitized

Asset Backed Receivables, LLC is therefore a citizen of Delaware, New York, England, and

Wales.

15.     Defendant Citigroup Mortgage Loan Trust Inc. is a Delaware corporation

with its principal place of business in New York, and therefore is a citizen of those states.

16.     Defendant Citigroup Global Markets Inc. is a New York corporation with

its principal place of business in New York, and is therefore a citizen of New York.

17.     Defendant Citigroup Financial Products, Inc. is a Delaware corporation

with its principal place of business in New York, and therefore is a citizen of those states.

18.     Defendant Citigroup Inc. is a Delaware corporation with its principal place

of business in New York, and therefore is a citizen of those states.

19.     Defendant Countrywide Securities Corporation is a California corporation

with its principal place of business in California, and is therefore a citizen of that state.

20.     Defendant Credit Suisse Securities (USA) LLC f/k/a Credit Suisse First

Boston LLC is a Delaware limited liability company with its principal place of business in New

York.  Its sole member is Credit Suisse (USA), Inc., which is a Delaware corporation with its principal place of business in New York.  Credit Suisse Securities (USA) LLC is therefore a citizen of New York and Delaware.

21.     Defendant First Horizon Asset Securities, Inc. is a Delaware corporation with its principal place of business in Texas, and is therefore a citizen of those states.

22.     Defendant First Tennessee Bank National Association is a national banking association with its principal office, as set forth in its corporate charter, in Tennessee, and is therefore a citizen of Tennessee.

23.     Defendant Residential Asset Mortgage Products, Inc. is a Delaware corporation with its principal place of business in Minnesota, and is therefore a citizen of those states.

24.     Defendant Residential Asset Securities Corporation is a Delaware corporation with its principal place of business in Minnesota, and is therefore a citizen of those states.

25.     Defendant Residential Funding Mortgage Securities I, Inc. is a Delaware corporation with its principal place of business in Minnesota, and is therefore a citizen of those states.

26.     Defendant Residential Funding Securities LLC f/k/a Residential Funding Securities Corporation is a Delaware limited liability company.  Its sole member is Ally Financial, a Delaware corporation with its principal place of business in Michigan. Residential Funding Securities, LLC is therefore a citizen of Delaware and Michigan.

27.     Defendant GMAC Mortgage Group LLC f/k/a GMAC Mortgage Group Inc. is a Delaware limited liability company.  Its sole member is Ally Financial, a Delaware

corporation with its principal place of business in Michigan. GMAC Mortgage Group LLC f/k/a GMAC Mortgage Group is therefore a citizen of Delaware and Michigan.

28.    Defendant Ally Financial Inc. f/k/a GMAC Inc. is a Delaware corporation with its principal place of business in Michigan, and is therefore a citizen of those states.

29.    Defendant The Goldman Sachs Group Inc. is a Delaware corporation with its principal place of business in New York, and is therefore a citizen of those states.

30.    Defendant Goldman, Sachs & Co. is a New York limited partnership headquartered in New York. Goldman, Sachs & Co.'s general partner is The Goldman, Sachs & Co. L.L.C., a Delaware limited liability company, and its sole limited partner is The Goldman Sachs Group, Inc. The sole member of The Goldman, Sachs & Co. L.L.C. is The Goldman Sachs Group, Inc. Defendant Goldman, Sachs & Co. is therefore a citizen of New York and Delaware.

31.    Defendant Goldman Sachs Mortgage Company is a New York limited partnership. Its general partner is Goldman Sachs Real Estate Funding Corp., a New York corporation with its principal place of business in New York. Its sole limited partner is Goldman Sachs Bank USA, a New York State-Chartered bank with its principal office and place of business in New York. Goldman Sachs Mortgage Company is therefore a citizen of New York.

32.    Defendant GS Mortgage Securities Corp. is a Delaware Corporation with its principal place of business in New York, and therefore is a citizen of those states.

33.    Defendant Financial Asset Securities Corp. is a Delaware Corporation with its principal place of business in Connecticut, and is therefore a citizen of those states.

34.     Defendant RBS Acceptance Inc. f/k/a Greenwich Capital Acceptance, Inc. is a Delaware Corporation with its principal place of business in Connecticut, and is therefore a citizen of those states.

35.     Defendant RBS Securities Inc., f/k/a Greenwich Capital Markets, Inc. is a Delaware Corporation with its principal place of business in Connecticut, and is therefore a citizen of those states.

36.     Defendant RBS Holdings USA Inc. f/k/a Greenwich Capital Holdings, Inc. is a Delaware Corporation with its principal place of business in Connecticut, and is therefore a citizen of those states.

37.     Defendant H&R Block, Inc. is a Missouri corporation with its principal place of business in Missouri, and is therefore a citizen of that state.

38.     Defendant Sand Canyon Acceptance Corporation f/k/a Option One Mortgage Acceptance Corp. is a Delaware Corporation with its principal place of business in California, and is therefore a citizen of those states.

39.     Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation is a California Corporation with its principal place of business in California, and is therefore a citizen of that state.

40.     Defendant American Enterprise Investment Services, Inc. is a Minnesota corporation with its principal place of business in Minnesota, and is therefore a citizen of that state.

41.     Defendant Ameriprise Financial Services, Inc. is a Delaware corporation with its principal place of business in Minnesota, and is therefore a citizen of those states.[3]

42.     Defendant Ameriprise Advisor Services, Inc. f/k/a H&R Block Financial Advisors, Inc. was formerly a Michigan corporation with its principal place of business in Minnesota.  Effective 2009, Defendant Ameriprise Advisor Services, Inc. f/k/a H&R Block Financial Advisors, Inc. merged into Ameriprise Financial Services, Inc., a Delaware corporation with its principal place of business in Minnesota, and is therefore a citizen of those states.

43.     Defendant HSBC Securities (USA) Inc. is a Delaware corporation with its principal place of business in New York, and is therefore a citizen of those states.

44.     Defendant IndyMac MBS, Inc. is a Delaware corporation with its principal place of business in California, and is therefore a citizen of those states.

45.     Defendant J.P. Morgan Acceptance Corporation I is a Delaware corporation with its principal place of business in New York, and is therefore a citizen of those states.[4]

46.     Defendant J.P. Morgan Securities Inc. is now known as J.P. Morgan Securities LLC, which is a Delaware limited liability company with its principal place of business in New York.  The sole member of J.P. Morgan Securities LLC is J.P. Morgan Broker-Dealer Holdings Inc., which is a Delaware corporation with its principal place of business in

---

[3] Ameriprise Financial Services, Inc. has not been served with the complaint in this action.  In joining this notice and consenting to removal, Ameriprise Financial Services, Inc. does not waive any defenses, and expressly preserves all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.

[4] J.P. Morgan Acceptance Corporation I is not a proper defendant in this action, as it was not the depositor for Certificate CBASS 2006-CB4 AV3.

8

New York. J.P. Morgan Securities Inc., now known as J.P. Morgan Securities LLC, is therefore a citizen of Delaware and New York.[5]

47.     Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated is a Delaware corporation with its principal place of business in New York, and therefore is a citizen of those states.

48.     Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated, and Morgan Stanley ABS Capital I Inc. are incorporated under the laws of Delaware and have their principal places of business in New York. Each is therefore a citizen of Delaware and New York.

49.     Defendant PNC Investments LLC is a Delaware limited liability company with its principal place of business in Pennsylvania. Its sole member is PNC Bank, National Association, a national banking association with its main office as set forth in its articles of association in Pennsylvania. PNC Investments LLC is therefore a citizen of Delaware and Pennsylvania.

50.     Defendant The PNC Financial Services Group, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania, and therefore is a citizen of that state.

51.     Defendant Nomura Home Equity Loan, Inc. is a Delaware corporation with its principal place of business in New York, and is therefore a citizen of those states.

---

[5] J.P. Morgan Securities Inc., now known as J.P. Morgan Securities LLC, has not been served with the complaint in this action. J.P. Morgan Securities LLC does not waive any defenses by joining this notice, and expressly preserves all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.

52.     Defendant Nomura Securities International, Inc. is a New York corporation with its principal place of business in New York, and is therefore a citizen of that state.

53.     Defendant Nomura Holding America Inc. is a Delaware corporation with its principal place of business in New York, and is therefore a citizen of those states.

54.     Defendant Sequoia Residential Funding, Inc. is a Delaware corporation with its principal place of business in California, and is therefore a citizen of those states.

55.     Defendant Mortgage Asset Securitization Transactions, Inc. is a Delaware corporation with its principal place of business in New York, and is therefore a citizen of those states.

56.     Defendant UBS Americas Inc. is a Delaware corporation with its principal place of business in Connecticut, and is therefore a citizen of those states.

57.     Defendant UBS Securities LLC is a Delaware limited liability company with its principal place of business in Connecticut. UBS AG and UBS Americas Inc. are the members of UBS Securities LLC. UBS AG is a Swiss corporation with its principal place of business in Switzerland. UBS Americas Inc. is a Delaware corporation with its principal place of business in Connecticut. UBS Securities LLC is therefore a citizen of Delaware, Connecticut, and Switzerland.

58.     Defendant Wells Fargo Asset Securities Corporation is a Delaware corporation with its principal place of business in Iowa, and is therefore a citizen of those states.

59.     Defendant Wells Fargo Bank, National Association is a national banking association with its main office as set forth in its articles of association in South Dakota, and is therefore a citizen of South Dakota.

60.     Defendant Wells Fargo & Company is a Delaware corporation with its principal place of business in California, and is therefore a citizen of those states.[6]

61.     Plaintiff is a citizen of Illinois, as it has been incorporated as a "body corporate" of the State of Illinois under the Federal Home Loan Bank Act of 1932 ("FHLB Act"), 12 U.S.C. § 1432(a), and its organization certificate provides that it will be established in the State of Illinois and that the location of its principal office will be in Illinois (see Ex. B (Organization Certificate, The Federal Home Loan Bank of Evanston, Oct. 11, 1932)).

62.     Plaintiff is also a citizen of Illinois because its activities are localized in that state. Plaintiff's principal office is located at 200 East Randolph Drive, Chicago, Illinois. (Ex. C ("Contact Us" from FHLB Chicago website, http://www.fhlbc.com); see also Compl. ¶ 22; Ex. D (Bylaws of the Federal Home Loan Bank of Chicago, as restated and effective Dec. 17, 2009) at § 1.) Plaintiff has not alleged that it has any offices outside of Illinois, and, on information and belief, the Removing Defendants assert that plaintiff does not. (See Ex. C (listing only an Illinois address and Illinois telephone numbers).) Information posted on plaintiff's website also appears to confirm that all of plaintiff's officers are located in Illinois. (See id. (indicating only Chicago-area telephone numbers for Executive Team members and other employees).) The majority of plaintiff's member banks, which own its capital stock (Compl. ¶ 24), are also located in Illinois (see Ex. E ("Our Members" from FHLB Chicago website, http://www.fhlbc.com)). According to plaintiff's most recent Form 10-K annual report, 521 of plaintiff's 792 members (65.8%) are located in Illinois. (Ex. F (FHLB Chicago, Form 10-

---

[6] Wells Fargo & Company has not been served with the complaint in this action. Wells Fargo & Company does not waive any defenses by joining this notice, and expressly preserves all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.

K Annual Report for Fiscal Year Ended Dec. 31, 2009 (Mar. 18, 2010), Part I, Item 1, at 4.)  The only other state in which plaintiff has members or is permitted to operate is Wisconsin.  (Compl. ¶ 22; see also Exs. B, E.)  In addition, ten of plaintiff's sixteen directors are from Illinois.  (Ex. G (FHLB Chicago Press Release, "Federal Home Loan Bank of Chicago Announces 2009 Board of Directors," Dec. 23, 2008).)  Plaintiff's "nerve center," where its "officers direct, control and coordinate . . . activities" and where it is headquartered, is therefore in Illinois.  See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186, 1192 (2010).  When the activities of a federally chartered corporation are sufficiently localized in a given state, despite the corporation's conduct of some out-of-state business activities, it is a citizen of that state for diversity purposes.  See Hukic v. Aurora Loan Servs., 588 F.3d 420, 428 (7th Cir. 2009) (noting that "courts sometimes recognize[] an exception [to federally chartered corporations not being citizens of any particular state] if activities were localized in one state" (collecting cases)); see also Loyola Fed. Sav. Bank v. Fickling, 58 F.3d 603, 606 (11th Cir. 1995) ("The activities do not have to be 100% localized in order to trigger" the "exception allowing a corporation to be considered a citizen of one state for diversity purposes if the corporation's activities are 'localized' in that state, despite some out-of-state business activities.").

63.     Although the Removing Defendants dispute all allegations that plaintiff has been damaged, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because plaintiff seeks to rescind "over $3.3 billion" in MBS.  (Compl. ¶¶ 1, 3.)

64.     All defendants consent to the removal of this Action to this Court.

## II.     Jurisdiction Based on Plaintiff's Statutory Charter

65.     Plaintiff is a federally chartered corporation, one of twelve Federal Home Loan Banks established by act of Congress under the FHLB Act.  (Compl. ¶ 22.)  Plaintiff's chartering statute is codified in that Act.  See 12 U.S.C. § 1421, et seq.

66.     The FHLB Act provides that plaintiff shall have power "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1432(a).  The Supreme Court has held that such provisions confer original subject matter jurisdiction on federal courts.  See Am. Nat'l Red Cross v. S.G., 505 U.S. 247, 255 (1992); Osborn v. Bank of United States, 22 U.S. (9 Wheat.) 738, 818 (1824); see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779, 785 (D.C. Cir. 2008).

67.     In Red Cross, the Supreme Court held that "a congressional charter's 'sue or be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts."  505 U.S. at 255.  The specific and express reference to federal courts in the "sue and be sued" provision of the Red Cross charter was "necessary and sufficient to confer jurisdiction" in the federal courts over all actions involving the Red Cross. Id. at 252-57; see also Pirelli, 534 F.3d at 784.

68.     The FHLB Act similarly empowers banks created under it to "sue and be sued . . . in any court of competent jurisdiction, State or Federal."  Compare 12 U.S.C. § 1432(a) with 33 Stat. 600, as amended, 36 U.S.C. § 2 (1992) (current version at 36 U.S.C. § 300105(a)(5) ("State or Federal")).  This Court therefore has original jurisdiction over this Action.  See Pirelli, 534 F.3d at 784-88 ("[W]e find that there is federal jurisdiction because the Fannie Mae 'sue and be sued' provision expressly refers to the federal courts. . . . [W]e see no need to muddy the

13

waters by departing from <u>Red Cross</u>'s clear rule for interpreting the text of a federally chartered entity's sue-and-be-sued clause."); <u>Roe v. O'Donohue</u>, 38 F.3d 298, 300 (7th Cir. 1994) (noting that "sue or be sued" provisions "create[] a species of federal-question jurisdiction"), <u>abrogated on other grounds</u>, 526 U.S. 344 (1999); <u>see also</u> <u>Breuer v. Jim's Concrete of Brevard, Inc.</u>, 538 U.S. 691, 694-97 (2003) (provision of the Fair Labor Standard Act stating "[a]n action to recover . . . may be maintained . . . in any Federal or State court of competent jurisdiction" provided sufficient basis for original federal jurisdiction); <u>In re Fannie Mae 2008 Sec. Litig.</u>, No. 08 Civ. 7831(PAC), 2009 WL 4067266, at *2-3 (S.D.N.Y. Nov. 24, 2009) (addressing the charter of Fannie Mae and noting agreement with <u>Pirelli</u>); <u>Muhlenbeck v. KI, LLC</u>, 304 F. Supp. 2d 797, 800 n.8 (E.D. Va. 2004) (noting that "12 U.S.C. § 3012(6) provides that the National Consumer Cooperative Bank [ ] has the ability to 'sue and be sued' in its corporate name 'in any court of competent jurisdiction, State or Federal,' thereby conferring federal subject matter jurisdiction over all claims against [it]").

69.     Indeed, a sister Federal Home Loan Bank, the Federal Home Loan Bank of Des Moines ("FHLB-Des Moines"), has successfully removed actions filed against it in state court to federal court on precisely this ground—arguing that the "sue and be sued" provision in the FHLB Act conferred original jurisdiction.  <u>See, e.g.</u>, <u>Ewing v. Federal Home Loan Bank of Des Moines</u>, 645 F. Supp. 2d 707, 709 (S.D. Iowa 2009) ("Plaintiff conceded . . . that 'the ground stated in the amendment is in fact a proper ground for federal jurisdiction,' and the Court, after reviewing the relevant case law, likewise became satisfied that it possessed jurisdiction over the present matter."); <u>O'Connor Enter. Group v. Spindustry Sys. Inc.</u>, Civ. No. 4:09-CV-01483 (S.D. Tex.) Docket No. 1 (FHLB Des Moines's Notice of Removal, May 18, 2009 (Ex. H)) ¶ 2 ("[FHLB's] corporate charter statute provides that it has the power 'to sue or be sued, to

14

complain or defend, in any court of competent jurisdiction, State or Federal.' 12 U.S.C.

§ 1432(a). This language confers original subject matter jurisdiction in federal courts. See, e.g.,

[Red Cross, 505 U.S. at 255; Pirelli, 534 F.3d at 785]. Thus, the Court has original subject

matter jurisdiction over this matter as long as FHLB is a party to it and for this reason should be

removed to this Court.").

      70.    Because this Court has original jurisdiction over this Action pursuant to 12

U.S.C. § 1432(a), removal is proper under 28 U.S.C § 1441(a).[7]

**III.**    **Related-to-Bankruptcy Jurisdiction**

      71.    In addition, certain of the Removing Defendants (the "Bankruptcy

Removal Defendants") assert that this Court has original jurisdiction over this Action pursuant to

28 U.S.C. § 1334(b) because this matter is related to a pending bankruptcy case.

      72.    For example, the allegations against the Bankruptcy Removal Defendants

arise in part from the following MBS, each of which contains mortgages originated, or originally

purchased and resold, by entities that are in bankruptcy or that are subsidiaries of bankrupt

entities ("Bankrupt Originators/Sellers"):

---

[7] Although the United States District Court for the Western District of Washington recently held that the FHLB Act did not create original federal jurisdiction for actions involving the Federal Home Loan Bank of Seattle ("FHLB Seattle") based on the FHLB statutory charter, see, e.g., Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc., No. C10-0139 RSM, 2010 WL 3662345 (W.D. Wash. Sept. 1, 2010), that court did not consider, among other things, the Breuer decision cited above, which indicated that language in the FLSA that is identical to the "sue and be sued" provision of the FHLB charter—including the "competent jurisdiction" clause—was a grant of federal subject-matter jurisdiction.

| Bankruptcy Removal Defendant(s) | Offering | Bankrupt Originator/Seller |
|---|---|---|
| Barclays Capital Inc.<br><br>Credit Suisse Securities (USA) LLC f/k/a Credit Suisse First Boston LLC<br><br>RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.)<br><br>UBS Securities LLC<br><br>UBS Americas Inc. | FHLT 2005-E 2A3 | Fremont Investment & Loan |
| Barclays Capital, Inc.<br><br>Securitized Asset Backed Receivables LLC | SABR 2006-FR3 A2 | Fremont Investment & Loan |
| Mortgage Asset Securitization Transaction, Inc.<br><br>UBS Securities LLC<br><br>UBS Americas Inc. | MABS 2006-NC1 A3 | New Century Mortgage Corp. |
| Citigroup Mortgage Loan Trust Inc.<br><br>Citigroup Global Markets Inc. | CMLTI 2006-NC1 | New Century Mortgage Corp. |
| Citigroup Mortgage Loan Trust Inc.<br><br>Citigroup Global Markets Inc. | CMLTI 2006-NC2 | New Century Mortgage Corp. |
| Goldman, Sachs & Co.<br><br>Goldman Sachs Mortgage Company<br><br>GS Mortgage Securities Corp.<br><br>The Goldman Sachs Group, Inc. | GSAMP 2006-NC2 | New Century Mortgage Corp. |

| Bankruptcy Removal Defendant(s) | Offering | Bankrupt Originator/Seller |
|---|---|---|
| Barclays Capital, Inc.<br><br>Securitized Asset Backed Receivables LLC | SABR 2006-NC3 A2B | NC Capital Corporation |
| Merrill Lynch, Pierce, Fenner & Smith Incorporated | CBASS 2006-CB4 AV3 | Credit-Based Asset Servicing and Securitization LLC |

73.     On June 18, 2008, Fremont General Corp., the parent holding company of Fremont Investment and Loan, filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, In re Fremont General Corp., Case No. 8:08-bk-13421-ES (the "Fremont Bankruptcy").

74.     On April 2, 2007, New Century Mortgage Corp. filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware under the caption In re New Century TRS Holdings, Inc., No. 07-10416-KJC (the "New Century Bankruptcy").

75.     On April 2, 2007, NC Capital Corporation filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, In re NC Capital Corporation, Case No. 07-bk-10420 (the "NC Capital Bankruptcy").  The case is jointly administered with In re New Century TRS Holdings, Inc., No. 07-10416-KJC.

76.     On November 12, 2010, Credit-Based Asset Servicing and Securitization LLC filed a voluntary petition for reorganization under Chapter 11 in the United States

Bankruptcy Court for the Southern District of New York, In re Credit-Based Asset Servicing And Securitization LLC, Case No. 10-16040 (ALG) (the "C-Bass Bankruptcy").

77.     Certain of the Bankrupt Originators/Sellers made representations to the Bankruptcy Removal Defendants listed above, among others, regarding their respective loan underwriting standards and the nature of mortgage loan collateral for each of the above securities.  Pursuant to contractual agreements containing certain indemnification provisions and pursuant to statutory and common law, certain Bankruptcy Removal Defendants have claims for indemnification and/or contribution against the Bankrupt Originators/Sellers arising out of actual or alleged material misstatements or omissions made by the Bankrupt Originators/Sellers regarding the mortgage loans at issue.  Similarly, the estates of the Bankrupt Originators/Sellers may seek adjudication of claims against certain Bankruptcy Removal Defendants, among others, for indemnification and/or contribution arising out of the underwriting and distribution of the mortgage-backed securities at issue in this Action.

78.     "A controversy is . . . 'related' to [a] bankruptcy" if "its resolution 'affects the amount of property available for distribution or the allocation of property among creditors.'" Home Ins. Co. v. Cooper & Cooper, Ltd., 889 F.2d 746, 749 (7th Cir. 1989).  This Action is related to the Fremont, New Century, NC Capital, and C-Bass Bankruptcies because, if the Bankruptcy Removal Defendants were subject to liability in this Action, the Bankrupt Originators/Sellers would owe indemnity and/or contribution obligations to certain of the Bankruptcy Removal Defendants, and those obligations affect the property of the debtors.[8]

---

[8] With respect to those originators that are wholly owned subsidiaries of bankrupt entities, it is well established that "related to" bankruptcy jurisdiction extends to obligations of other corporate affiliates if those obligations can affect the bankruptcy estate.  See, e.g., Fogel v. Zell (In re Madison Mgmt. Group, Inc.), No. 93-cv-0477, 1999 U.S. Dist. LEXIS 3330, at *21 (N.D. Ill. Mar. 5, 1999).

Moreover, certain of the Bankruptcy Removal Defendants have indemnification claims that are already ripe for adjudication because their agreements with the Bankrupt Originators/Sellers provide for their indemnification from the costs (including legal fees) of defending suits, such as this one, that allege breaches of the originators' and sellers' representations and warranties regarding the characteristics of the mortgage loans and property valuations underlying the MBS. This Action therefore may be removed to this Court pursuant to 28 U.S.C. §§ 1334(b) and 1452(a). See In re Resource Tech. Corp., No. 03-C-5785, 2004 WL 419918, at *4 (N.D. Ill. Feb. 13, 2004) (when a party "will seek indemnification from" a party in bankruptcy, the dispute is related to bankruptcy proceeding); Fed. Home Loan Bank of Seattle v. Deutsche Bank Securities, Inc., No. C10-0140 RSM, 2010 WL 3512503, at *6 (W.D. Wash. Sept. 1, 2010) (holding "that 'related to' federal bankruptcy jurisdiction exist[ed]" based on the American Home Mortgage Corporation bankruptcy).

**OTHER PROCEDURAL REQUIREMENTS**

79.     Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the Removing Defendants will file with this Court a Certificate of Service of notice to the adverse parties of removal to federal court.

80.     Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notification of Filing of Notice of Removal with the clerk of the Circuit Court of Cook County in accordance with 28 U.S.C. § 1446(d) and Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

81.     As required under Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Removal Defendants state that the claims asserted against them are non-core, within the meaning of 28 U.S.C. § 157(b), and that they do not consent to entry of final orders or judgment by the bankruptcy judge.

82.     As set forth above, all defendants consent to the removal of this Action to this Court, subject to and without waiving any defenses and rights available to them.

WHEREFORE, the Removing Defendants remove this Action from the Circuit Court of Cook County to this Court.

Dated:  November 23, 2010

Respectfully submitted,


  /s/  Steven M. Malina
Steven M. Malina
Jonathan H. Claydon
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: (312) 476-5133
Fax: (312) 456-8435
malinas@gtlaw.com
claydonj@gtlaw.com

James P. Rouhandeh
Daniel J. Schwartz
Anna Thea Bridge
*pro hac vice applications forthcoming*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Fax: (212) 701-5581
rouhandeh@davispolk.com
daniel.schwartz@davispolk.com
anna.bridge@davispolk.com

*Counsel for Morgan Stanley, Morgan Stanley & Co. Incorporated and Morgan Stanley ABS Capital I Inc.*

21

_/s/    Charles F. Smith_
Charles F. Smith
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0700
Fax: (312) 407-0411
charles.smith@skadden.com

Jay B. Kasner
Christopher P. Malloy
Scott D. Musoff
*pro hac vice applications forthcoming*
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
jay.kasner@skadden.com
christopher.malloy@skadden.com
scott.musoff@skadden.com

*Counsel for Bank of America Corporation,*
*Banc of America Securities LLC, Banc of*
*America Funding Corporation and Merrill*
*Lynch, Pierce, Fenner & Smith*
*Incorporated*

   /s/   Steven T. Catlett
Steven T. Catlett
Ericka K. Foster
PAUL HASTINGS JANOFSKY &
WALKER LLP
191 No. Wacker Drive, 30th Fl.
Chicago, IL 60606
Tel: (312) 499-6000
Fax: (312) 499-6100
stevencatlett@paulhastings.com
erickafoster@paulhastings.com

William Sullivan
Howard M. Privette
John S. Durrant
*pro hac vice applications forthcoming*
PAUL HASTINGS JANOFSKY &
WALKER LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071
Tel: (213) 683-6000
Fax: (213) 627-0705
williamsullivan@paulhastings.com
howardprivette@paulhastings.com
johndurrant@paulhastings.com

*Counsel for UBS Americas Inc., UBS
Securities LLC, and Mortgage Asset
Securitization Transactions, Inc.*

  /s/   Kevin D. Finger
Kevin D. Finger
Daniel G. Hildebrand
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
fingerk@gtlaw.com
hildebrandd@gtlaw.com

Joseph J. Frank
Steven J. Fink
Matthew L. Craner
*pro hac vice applications forthcoming*
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019
Tel: (212) 506-5000
Fax: (212) 506-5151
jfrank@orrick.com
sfink@orrick.com
mcraner@orrick.com

*Counsel for Barclays Capital Inc. and*
*Securitized Asset Backed Receivables, LLC*

_/s/  H. Nicholas Berberian_____
H. Nicholas Berberian
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602
Tel: (312) 269-8005
Fax: (312) 578-1543
nberberian@ngelaw.com

Brad S. Karp
Charles E. Davidow
Susanna M. Buergel
*pro hac vice applications forthcoming*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
bkarp@paulweiss.com
cdavidow@paulweiss.com
sbuergel@paulweiss.com

*Counsel for Citigroup Inc., Citigroup
Global Markets Inc., Citigroup Financial
Products, Inc. and Citigroup Mortgage
Loan Trust Inc.*

25

   /s/  Jonathan S. Quinn
Jonathan S. Quinn
Thomas M. Levinson
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606-7507
Tel: (312) 207-1000
Fax: (312) 207-6400
jquinn@reedsmith.com
tlevinson@reedsmith.com

Adam S. Hakki
Daniel H.R. Laguardia
*pro hac vice applications forthcoming*
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-4924
Fax: (646) 848-4924
ahakki@shearman.com
dlaguardia@shearman.com

Steven D. Hibbard
*pro hac vice application forthcoming*
SHEARMAN & STERLING LLP
525 Market Street, Suite 15
San Francisco, CA 94105-2723
Tel: (415) 616-1174
Fax: (415) 616-1199
shibbard@shearman.com

*Counsel for Countrywide Securities
Corporation*

 /s/  Joseph A. Strubbe
Joseph A. Strubbe
VEDDER PRICE
222 North LaSalle Street
Chicago, IL 60601
Tel: (312) 609-7765
Fax: (312)609-5005
jstrubbe@vedderprice.com

*Counsel for GMAC Mortgage Group LLC
f/k/a GMAC Mortgage Group Inc.,
Residential Asset Mortgage Products, Inc.,
Residential Asset Securities Corporation,
Residential Funding Mortgage Securities I,
Inc., Residential Funding Securities LLC
f/k/a Residential Funding Securities
Corporation and Ally Financial Inc. f/k/a
GMAC Inc.*

  /s/  Michael Dockterman
Michael Dockterman
WILDMAN, HARROLD, ALLEN &
DIXON LLP
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: (312) 201-2652
Fax: (312) 416-4710
dockterman@wildman.com

Richard W. Clary
Michael T. Reynolds
*pro hac vice applications forthcoming*
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
rclary@cravath.com
mreynolds@cravath.com

*Counsel for Credit Suisse Securities (USA)
LLC f/k/a Credit Suisse First Boston LLC*

  /s/   Brian D. Sieve
Brian D. Sieve, P.C.
Eric T. Gortner
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654-3406
Tel: (312) 862-2000
Fax: (312) 862-2200
bsieve@kirkland.com
egortner@kirkland.com

*Counsel for First Tennessee Bank National
Association, First Horizon Asset Securities,
Inc., American Enterprise Investment
Services, Inc., Ameriprise Financial
Services, Inc., and Ameriprise Advisor
Services, Inc. f/k/a H&R Block Financial
Advisors, Inc.*

 /s/  Michael P. Conway

Michael P. Conway
Gary Elden
Matthew Buckley
GRIPPO & ELDEN, LLC
111 So. Wacker Drive
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
mconway@grippoelden.com
gelden@grippoelden.com
mbuckley@grippoelden.com

Richard H. Klapper
Theodore Edelman
Harsh N. Trivedi
Christopher J. Dunne
Jessica P. Stokes
*pro hac vice applications forthcoming*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588
klapperr@sullcrom.com
edelmant@sullcrom.com
trivedih@sullcrom.com
dunnec@sullcrom.com
stokesj@sullcrom.com

*Counsel for The Goldman Sachs Group Inc.,
Goldman, Sachs & Co., Goldman Sachs
Mortgage Company, and GS Mortgage
Securities Corp.*

   /s/   Stephen Novack
Stephen Novack
NOVACK & MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606-1501
Tel: (312) 419-6900
Fax: (312) 419-6928
snovack@novackmacey.com

Brian P. Brooks
Robert M. Stern
*pro hac vice applications forthcoming*
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5328
Fax: (202) 383-5414
rstern@omm.com
bbrooks@omm.com

Danielle Oakley
*pro hac vice application forthcoming*
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-7921
Fax: (949) 823-6994
doakley@omm.com

*Counsel for Sand Canyon Corporation f/k/a*
*Option One Mortgage Corporation and*
*Sand Canyon Acceptance Corporation f/k/a*
*Option One Mortgage Acceptance Corp.*

  /s/    James P. White
James P. White
HUSCH BLACKWELL LLP
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
Tel: (312) 655-1500
Fax: (312) 655-1501
james.white@huschblackwell.com

James. D. Griffin
Derek T. Teeter
*pro hac applications forthcoming*
HUSCH BLACKWELL LLP
4801 Main, Suite 1000
Kansas City, MO 64112
Tel:  (816) 983-8000
Fax:  (816) 983-8080
james.griffin@huschblackwell.com
derek.teeter@huschblackwell.com

*Counsel for H&R Block, Inc.*

  /s/  Daniel E. Reidy
Daniel E. Reidy
James R. Daly
Jeremy P. Cole
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
dereidy@jonesday.com
jrdaly@jonesday.com
jpcole@jonesday.com
tfumerton@jonesday.com

Jayant W. Tambe
JONES DAY
222 East 41st Street
New York, NY 10017
Tel: (212) 326-3604
Fax: (212) 755-7306
jtambe@jonesday.com

*Counsel for PNC Investments LLC and The
PNC Financial Services Group, Inc.*


  /s/  Barbara S. Steiner
Barbara S. Steiner
Matthew Thomas
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 923-2611
Fax: (312) 840-7611
bsteiner@jenner.com
mthomas@jenner.com

*Counsel for Nomura Home Equity Loan,
Inc., Nomura Securities International, Inc.,
and Nomura Holding America Inc.*

  /s/  Garrett Long     

Garrett Long
LATHAM & WATKINS LLP
233 So. Wacker Drive, Suite 5800
Chicago, IL 60606
Tel: (312) 876-7700
Fax: (312) 993-9767
garrett.long@lw.com

Peter Wald
Timothy P. Crudo
Laura Vartain Horn
*pro hac vice applications forthcoming*
LATHAM & WATKINS LLP
505 Montgomery St., Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 395-6064
Fax: (415) 395-8095
peter.wald@lw.com
timothy.crudo@lw.com
laura.vartain.horn@lw.com

*Counsel for Sequoia Residential Funding, Inc.*

  /s/   David J. Zott
David J. Zott, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
david.zott@kirkland.com

R. Alexander Pilmer
David I. Horowitz
Jay Bhimani
*pro hac vice applications forthcoming*
KIRKLAND & ELLIS LLP
333 So. Hope Street, 29th Fl.
Los Angeles, CA 90071
Tel: (213) 680-8400
Fax: (213) 680-8500
alex.pilmer@kirkland.com
david.horowitz@kirkland.com
jay.bhimani@kirkland.com

*Counsel for RBS Holdings USA Inc. f/k/a
Greenwich Capital Holdings, Inc., RBS
Securities Inc. f/k/a Greenwich Capital
Markets, RBS Acceptance Inc. f/k/a
Greenwich Capital Acceptance, Inc. and
Financial Asset Securities Corp.*

 /s/   Philip S. Chiaviello

Philip S. Chiaviello
Senior Attorney
FEDERAL DEPOSIT INSURANCE
CORPORATION
Midwest Temporary Satellite Office
200 North Martingale Road
Schaumburg, IL 60173
Tel: (847) 273-9569
Fax: (847) 273-9569
pchiaviello@fdic.gov

Scott H. Christensen
*pro hac vice application forthcoming*
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, DC 20006-2401
Tel:  (202) 721-4600
Fax:  (202) 721-4646
christen@hugheshubbard.com

*Counsel for IndyMac MBS, Inc.*

_/s/   Mark B. Blocker_____

Mark B. Blocker
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
mblocker@sidley.com

A. Robert Pietrzak
Dorothy J. Spenner
Owen H. Smith
Tom A. Paskowitz
*pro hac vice applications forthcoming*
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
rpietrzak@sidley.com
dspenner@sidley.com
osmith@sidley.com
tpaskowitz@sidley.com

*Counsel for J.P. Morgan Acceptance Corporation I and J.P. Morgan Securities Inc.*

  /s/  Patricia Brown Holmes
Patricia Brown Holmes
Thomas B. Quinn
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL  60606-6473
Tel: (312) 258-5722
Fax: (312) 258-5600
pholmes@schiffhardin.com
tquinn@schiffhardin.com

George M. Garvey
*pro hac vice application forthcoming*
MUNGER, TOLLES & OLSON LLP
355 South Grand Ave., 35th Floor
Los Angeles, CA 90071-1560
Tel: (213) 683-9100
Fax: (213) 683-5153
george.garvey@mto.com

Michael J. Mongan
*pro hac vice application forthcoming*
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4051
Fax: (415) 644-6952
michael.mongan@mto.com

*Counsel for Wells Fargo & Company, Wells*
*Fargo Bank, National Association, and*
*Wells Fargo Asset Securities Corporation*

  /s/   Timothy S. Bishop

Timothy S. Bishop
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
tbishop@mayerbrown.com

Richard A. Spehr
Michael O. Ware
*pro hac vice application forthcoming*
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Tel: (212) 506-2500
Fax: (212) 262-1910
rspehr@mayerbrown.com
mware@mayerbrown.com

*Counsel for HSBC Securities (USA) Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that one copy of the foregoing Notice of

Removal was served via first class United States mail postage prepaid this 23d day of November,

2010, upon the following counsel listed below:

George Galland
Robert S. Libman
MINER, BARNHILL & GALLAND, PC
14 West Erie
Chicago, IL 60654
Tel: (312) 751-1170
Fax: (312) 751-0438

Lynn Lincoln Sarko
Derek W. Loeser
Amy Williams-Derry
Elizabeth A. Leland
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Gary A. Gotto
KELLER ROHRBACK P.L.E.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822

*Counsel for Plaintiffs*

/s/ Steven M. Malina
Steven M. Malina