```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

| | | |
|---|---|---|
| FEDERAL HOME LOAN BANK<br>OF CHICAGO,<br><br>       Plaintiff,<br><br>  v.<br><br>BANC OF AMERICA FUNDING<br>CORPORATION, eT aL.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 10 C 7560 |

<u>MEMORANDUM ORDER</u>

This action, newly removed to this District Court from the Circuit Court of Cook County, has been assigned at random to this Court's calendar. As always, this Court has conducted a prompt threshold examination to confirm the existence or non-existence of federal jurisdiction (see, e.g., <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) and <u>Cook v. Winfrey</u>, 141 F. 3rd 322, 325 (7th Cir. 1998)). Although that appears to pose no problem,[1] the sheer bulk of the removal papers (first the 20-page Notice of Removal ("Notice"), together with another 19 pages of printed signatures of the numerous counsel for the removing defendants, next the over-400-page Ex. A to the Notice, comprising the summonses evidencing service on the over 50 defendants, and then a 575-paragraph, nearly 250-page

---

    [1] This is only a preliminary assumption -- either input from plaintiff's counsel or an examination in greater depth by this Court may teach otherwise.

Complaint[2] with nearly 200 pages of Appendices) has raised a different red flag -- hence the issuance of this sua sponte memorandum order.

Plaintiff Federal Home Loan Bank of Chicago ("Bank") has targeted over 50 defendants for their allegedly similar conduct in connection with more than $3.3 billion in Private Label Mortgage Backed Securities that it purchased (Complaint ¶3). As Notice ¶4 shorthands the Complaint:

> In the complaint, plaintiff alleges that it purchased 34 different mortgage-backed securities ("MBS") issued or underwritten in 29 separate offerings by 53 different named defendants. The complaint also purports to name 50 unidentified "John Doe" defendants. Plaintiff alleges that the offering documents relating to the MBS offerings at issue in this Action contained untrue or misleading statements concerning the loans underlying each separate MBS offering.

In this Court's view that claimed similarity of conduct, which assertedly victimized not only Bank but also untold numbers of mortgage borrowers, does not qualify under the standard established for permissive joinder of defendants under Rule 20(a)(2)(A), which allows such joinder if:

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.

---

[2] So much for the Fed.R.Civ.P. ("Rule") 8(a)(2) requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief"! This Court cannot, however, be overly critical on that score: After all, it was not plaintiff's counsel who chose a federal forum.

2

In that regard, see the discussion in 4 Moore's Federal Practice § 20.02[1][a](3d ed. 2010).

If Bank is to proceed in this federal court, it must do so through multiple law suits, not by agglomerating its numerous separate claims in a single unwieldy Complaint.[3]  This Court has just received a notice of motion by defense counsel, scheduled for presentment tomorrow, November 30.  At that time the parties should come prepared to discuss the logistics of proceeding with the litigation.  Meanwhile this Court reserves all of its options in connection with the handling of the matter (or, more accurately, matters).

_____
Milton I. Shadur
Senior United States District Judge

Date:    November 29, 2010

---

[3] This Court expresses no view as to whether this action could have proceeded in its present form in the state court.  If however the dispute were to remain in this District Court but would have to give rise to severance pursuant to Rule 21, defendants and not Bank should in fairness be saddled with the filing fees triggered by the removal ($350 for each new action).