**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF CHICAGO,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BANC OF AMERICA FUNDING CORPORATION, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 1:10-CV-07560-MIS-SEC<br><br>Judge: Hon. Milton I. Shadur<br>Magistrate Judge: Hon. Susan E. Cox |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO REMAND**

Plaintiff, Federal Home Loan Bank of Chicago, submits the following order as supplemental authority in support of its Motion to Remand (Dkt. No. 148): Order Granting Motions to Remand, *Federal Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc., et al.*, No. 10-3039 SC, and *Federal Home Loan Bank of San Francisco v. Credit Suisse Sec. (USA), LLC, et al.*, No. 10-3045 SC (N.D. Cal. Dec. 20, 2010) ("Order"), a true and correct copy of this order, which was filed in both *Federal Home Bank of San Francisco* ("FHLB-SF") cases, is attached hereto as Exhibit A.

In granting FHLB-SF's remand motion, Senior Judge Samuel Conti rejected for all practical purposes two of the three purported bases for federal jurisdiction espoused by Defendants in this matter.[1]

---

[1] Defendants in the FHLB-SF cases did not allege diversity under 28 U.S.C. § 1332 as a ground for federal jurisdiction, and thus the Order does not address it.

**FHLB Charter Does Not Create Original Federal Jurisdiction.** Judge Conti rejected the defense argument that identical language in the charter of FHLB-SF created original federal jurisdiction. Order at 15. In so doing, the court rejected the defense's reading of *American National Red Cross v. Solicitor General*, 505 U.S. 247, 255 (1992), and *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Raines*, 534 F.3d 779, 784 (D.C. Cir. 2008) -- the same faulty reading that Defendants urge the Court to accept here. *See Notice of Removal* (Dkt. No. 1) ¶¶ 66-69.

**Equities Favor Remand.** Applying the applicable Ninth Circuit test,[2] Judge Conti found that while "related to" bankruptcy jurisdiction existed, the "remote relationship between these two cases and bankruptcy proceedings supports remanding these cases to state court." Order at 10. In balancing the equities and acknowledging the limited effect the California FHLB actions could have on the bankruptcy proceedings, the court found "that relationship is remote because it concerns only a small fraction of the loans in the trusts at issue." Order at 27. Therefore, "the equities favor remand to state court." *Id.* Any such relationship to bankruptcy proceedings is similarly remote – if it exists at all – in this action. *See* Dkt. No. 148 at 19-21.

---

[2] As set forth in Plaintiff's Motion, the Seventh and Ninth Circuits apply different standards for evaluating "related to" bankruptcy jurisdiction, and Plaintiff maintains that under the applicable Seventh Circuit standard, "related to" jurisdiction does not exist in this case. Compare Motion at 20 (citing *In re FedPak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir. 1996)) and Order at 5-6. Nevertheless, even if the Court finds jurisdiction related to bankruptcy proceedings, the equities favor remand.

For the foregoing reasons, Plaintiff respectfully requests that the Court consider the FHLB-SF Order as supplemental authority in further support of its Motion to Remand.

Dated: December 21, 2010

KELLER ROHRBACK L.L.P.

By /s/ Amy Williams-Derry
Lynn Lincoln Sarko
lsarko@kellerrohrback.com
Derek W. Loeser
dloeser@kellerrohrback.com
Amy Williams-Derry
awilliams-derry@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
(206) 623-1900, Fax (206) 623-3384

MINER, BARNHILL & GALLAND, PC
George Galland
ggalland@lawmbg.com
Robert S. Libman
rlibman@lawmbg.com
14 West Erie
Chicago, IL 60654
(312) 751-1170 (Fax) (312) 715-0438

KELLER ROHRBACK P.L.C.
Gary A. Gotto
ggotto@kellerrohrback.com
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
(602) 248-0088, Fax (602) 248-2822

*Attorneys for Plaintiff Federal Home Loan Bank of Chicago*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2010, I electronically filed the foregoing PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO REMAND with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all attorneys of record at their email addresses on file with the Court.

Dated: December 21, 2010

                                              s/ Amy Williams-Derry
                                              Amy Williams-Derry