```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

FEDERAL HOME LOAN BANK OF      )
CHICAGO,                       )
                               )
            Plaintiff,         )
                               )
     v.                        )     No.  10 C 7560
                               )
BANC OF AMERICA FUNDING CORP., )
et al.,                        )
                               )
            Defendants.        )
```

MEMORANDUM OPINION AND ORDER

This action, brought to this District Court via a massive Notice of Removal ("Notice"),[1] poses once again the recurring question whether a federal home loan bank--in this instance the Federal Home Loan Bank of Chicago ("Bank")--is entitled to remand an action to its state court place of origin because of what Bank characterizes as the absence of federal subject matter jurisdiction:

    1.  Diversity of citizenship is assertedly lacking.

    2.  Original federal question jurisdiction is said not to be conferred by the "sue and be sued" clause in Bank's charter, which conforms to the power granted by 12 U.S.C. §1432(a)("Section 1432(a)").

---

[1] In addition to the 21-page Notice, accompanied by fully 18 pages devoted to a listing of counsel for the numerous defendants, Notice Ex. A comprises (1) more than 400 pages of summonses and accompanying returns of service followed by (2) a 575-paragraph Complaint occupying nearly 250 pages--and on and on, with the whole document being nearly four inches thick.

3. Jurisdiction "related to" Title 11 bankruptcy cases (see 28 U.S.C. §1334(b)) is also said to be absent. Here the caselaw dealing with the jurisdictional questions presents the unusual spectacle of a host of District Court opinions and decisions[2] (not precedential, of course, as is always true of District Court rulings[3]) that answer in the negative, arrayed against two members of a three-judge panel in a single Court of Appeals opinion from another circuit who state an affirmative view.

As already indicated, Bank originally filed suit in the Circuit Court of Cook County, asserting only state law claims under the Illinois Securities Law and the common law of negligent misrepresentation. Despite the absence from the Complaint of any federally grounded theories of recovery, defendants timely filed the Notice. Since then the parties, ably represented on both sides of the "v." sign, have tendered extensive written submissions advancing their respective positions. And with

---

[2] Bank's most recent supplemental submission lists 21 such opinions, one of which is reported (Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc., -- F.Supp.2d -- (W.D. Wash. 2010)) and the others of which are unpublished. Although this Court should not be misunderstood as selecting any of those decisions as primus inter pares, the Deutsche Bank case is representative of the depth of analysis that the opinions generally reflect.

[3] That characterization is not altered by the fact that 28 U.S.C. §1447(d) renders such decisions nonreviewable and therefore final.

defense counsel now having provided their final scheduled supplemental submission (cited "D. Mem. --"), the issues are sufficiently well focused so that no further response from Bank's counsel is called for.

Although defendants display some imagination in speaking to the issue of diversity vel non, not much time or space is needed to dispatch that claim. Bankers Trust Co. v. Tex. & Pac. Ry. Co., 241 U.S. 295, 309-10 (1916), most recently reconfirmed by our Court of Appeals in Hukic v. Aurora Loan Servs., 588 F.3d 420, 428 (7th Cir. 2009), teaches "that a corporation chartered pursuant to an Act of Congress with activities in different states...was not a citizen of any state for diversity jurisdiction purposes" (id.). And Bank's extensive outside-of-Illinois business activities in Wisconsin alone, as well as its other highly material nonlocalized activities set out at pages 6 to 12 of its most recent memorandum (part of Dkt. No. 148), take it well out of the limited exception recognized in some cases for "localized" federally chartered corporations. Nor do the arguments at D. Mem. 9-15, though advanced vociferously, call for this Court to repudiate Hukic's continued adherence to Bankers Trust.

As for the question whether the "sue and be sued" language in Bank's charter brings it within the scope of Am. Nat'l Red Cross v. S.G., 505 U.S. 247, 255-57 (1992), it must be confessed

that this Court's initial reaction was that the results uniformly reached in the host of District Court decisions referred to in the first paragraph of this opinion were counterintuitive. Here is the excerpt from Section 1432(a) that is echoed in the corporate charter, which gives Bank the power:

> to sue and be sued, to complain, and to defend, in any court of competent jurisdiction, State or Federal.

This Court frequently employs the "court of competent jurisdiction" locution: Whenever it dismisses a case for lack of subject matter jurisdiction, it regularly qualifies the dismissal by stating that it is "without prejudice to the possible reassertion of plaintiff's claim in a state court of competent jurisdiction."[4] And that customary coupling of "competent jurisdiction" with "state court" doubtless accounts for this Court's initial gestalt reaction discussed in the preceding paragraph of the text here.

But Section 1432(a)'s congressional definition of federal home loan bank powers did not, as it well could have, validate the argument now advanced by defendants by stating in unambiguous fashion:

> to sue and be sued, to complain, and to defend in any Federal court or in any State court of competent jurisdiction.

---

[4] That language may vary a bit from case to case, but the reference to "a court of competent jurisdiction" is always present.

4

And Congress' failure to have conferred federal question jurisdiction, as explained in Red Cross, beyond cavil in that fashion surely validates the numerous District Court efforts to construe the language that was used instead.

This Court's examination of all the cases has found persuasive the many District Court decisions that explain that courts must look beyond the words of Section 1432(a) for a source of federal subject matter jurisdiction. It has become convinced that Bank has the better of the argument and that the single two-judge majority opinion in Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779, 784-88 (D.C. Cir. 2008) does not carry the day as against the careful analysis in the growing list of District Court decisions that have concluded otherwise.

Indeed, defendants' effort to portray Pirelli as providing a compelling reading of Red Cross in the context of the Fannie Mae charter provision (which contains a sue-and-be-sued provision like that in Bank's charter) ignores the powerful concurrence by Circuit Court Judge Janice Rogers Brown in the Pirelli case (534 F.3d at 795-800)--in an opinion that was a concurrence, rather than a dissent, only because the majority had dismissed the complaint, as would also have been called for by the absence of jurisdiction. Here is the opening paragraph of Judge Brown's opinion, id. at 795:

5

> After 182 pages of briefing by 39 attorneys who have strained to squeeze this case into their preferred courtroom, I still-even after reading the majority opinion-haven't heard a decent argument for federal subject-matter jurisdiction. All parties in this litigation teamed up to manufacture jurisdiction, but, needless to say, parties cannot create subject-matter jurisdiction, see Kline v. Burke Constr. Co., 260 U.S. 226, 233-34, 43 S.Ct. 79, 67 L.Ed. 226 (1922). Neither can judges, for doing so misappropriates Congress's jurisdiction-conferring role, id., and invalidly scoops cases out of state court. And these principles are especially important in a case where Congress amended the supposedly jurisdictional statute to make clear Fannie Mae may only sue or be sued in courts that have "competent jurisdiction"--that is, subject-matter jurisdiction. The majority's misreading of Supreme Court precedent and disregard for statutory text lead it to erroneously conclude we have jurisdiction.

And Judge Brown went on from there to demonstrate at length what she characterized as the majority's "misinterpretation" of Red Cross.

This Court will not reproduce Judge Brown's extended opinion for which that opening paragraph provides a springboard. Suffice it to say that what is said there, as well as in the thoughtful and reasoned District Court opinions that have reached the same conclusion, has persuaded this Court that in this instance it is a mistake to be driven by its initial surface reaction. Instead this Court finds that Bank and not defendants occupy the more sound position on the subject.

Finally, as for defendants' position based on the "related to" concept embodied in the Bankruptcy Code, the prospect that a few of the defendants may have such a potential basis for

6

invoking federal jurisdiction in a couple of the situations targeted by Bank's enormous Complaint cannot serve as a very small jurisdictional tail that can wag the very large jurisdictional dog of this lawsuit as a whole. This action has been removed in its entirety, and it would be well nigh impossible to separate out a few individual pieces from the Complaint's 250 pages to retain a few potential candidates for federal-question treatment. This Court need not now decide whether or how such inchoate claims might be brought to this District Court as a separate matter.

## Conclusion

In sum, the 28 U.S.C. §1447(c) test--framed in terms of whether "it appears that the district court lacks subject matter jurisdiction"--portrays the situation here accurately, and an affirmative answer to that inquiry is called for. That being the case, the same statutory section mandates a nonreviewable remand. And to enable the litigants to resume an interrupted addressing of the merits, it is further ordered that the certified copy of the order of remand be transmitted to the Circuit Court of Cook County forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 18, 2011